UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LaSHAWN JOHNSON, | ) |
| | ) |
|               **Plaintiff,** | ) |
| | ) |
|       v. | ) CASE NO. 1:20-cv-1487 |
| | ) |
| SAM'S EAST, INC., d/b/a | ) |
| SAM'S DISTRIBUTION CENTER | ) |
| DC 8232 | ) |
| | ) |
|               **Defendant.** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an employment discrimination action brought by Plaintiff LaShawn Johnson ("Johnson" and/or "Plaintiff"), against Defendant Sam's East, Inc., d/b/a Sam's Distribution Center, DC 8232 ("Defendant" or "Sam's Club"), for unlawfully discriminating and retaliating against her on the basis of her race (African American) in violation of Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, as amended; and disability, in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, as amended. Johnson also sues the Defendant for wrongful termination, under Indiana common law.

**II. PARTIES**

2. Johnson is a citizen of the United States, and at all time relevant to this lawsuit, has resided within the geographic boundaries of the Southern District of Indiana.

3. Defendant is a foreign, for-profit corporation, and at all times relevant to this action, has maintained facilities and conducted business within the geographic boundaries of the Southern District of Indiana.

4. Johnson's claims against the Defendant arose within the geographic boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. §12117.

6. Defendant is an "employer" as defined by the ADA, 42 U.S.C. § 12111(5)(A), as amended, and as defined by Title VII, 42 U.S.C. §2000e(b).

7. Johnson is an "employee" as defined by the ADA, 42 U.S.C. § 12111(4), and as defined by Title VII, 42 U.S.C. §2000e(f).

8. Johnson satisfied her obligation to exhaust administrative remedies, having timely filed EEOC Charge No. 470-2019-03259, alleging race and disability discrimination and retaliation, receiving the appropriate Notice of Right to Sue letter on March 19, 2020, and timely filing this action less than ninety days following of her receipt of said notice.

9. All events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. Johnson is an African American woman, who began her employment with Sam's Club on September 11, 2012, as a forklift driver at Sam's Club Distribution Center DC 8232 ("DC 8232").

11. At all times relevant to this matter, Johnson has met, or exceeded, Sam's Club's legitimate employment expectations.

12. In approximately April 2017, Johnson injured her knees when she was attacked by a flock of geese which nested on the grounds of DC 8232.

13. Although Johnson reported the injury to Sam's Club management, nothing was done

to treat the injury.

14. Then, in December 2017, Johnson injured her back and neck while lifting a box.

15. Johnson reported the injury to Sam's Club management, and she was placed on light-duty restrictions by Sam's Club's doctor for three months.

16. On February 5, 2018, however, Johnson reported to her supervisor, Brian Fields ("Fields"), that she was experiencing significant pain in her knees, and as a result, need to be seen by a physician for the injury she had suffered during the confrontation with the geese, approximately 10 months before.

17. She asked Fields for a copy of the injury report she had filed following the goose incident, however, Fields told Johnson he would have to get back to her with that.

18. Later the same day, Johnson also informed Sam's Club HR representative Kelly Ritchie ("Ritchie"), about the incident, and Ritchie, too, told Johnson she would get back to Johnson after checking.

19. On February 26, 2018, Johnson again told Ritchie that she needed to be seen for the pain in her knees.

20. Ritchie told Johnson that Fields was no working that day, however.

21. When Johnson repeated that she needed to be seen that day, Ritchie asked her "whether she really had to be seen immediately for an injury that occurred a year before," or words to that effect.

22. When Johnson confirmed that she did need to be seen, Ritchie gave Johnson an injury report to fill out. Johnson asked Ritchie why she should have to fill out a new injury report, since she had completed the form at the time of her injury.

23. Ritchie responded by telling Johnson that the form was new, and therefore she had

to complete the new form.

24. Johnson thereupon asked Ritchie for a copy of the original form so she could refresh her memory about the details of the incident, however Ritchie refused to provide Johnson with a copy.

25. On or about March 5, 2018, informed Johnson that there was no more work for Johnson to do.

26. Johnson was placed on paid leave.

27. On March 18, 2019, Johnson received a letter from Ritchie stating that her leave of absence had ended on March 1, 2019, and advising Johnson that she needed to communicate with Sedgewick (Sam's Club's workers' comp claim service provider) to return to work.

28. The following day, Johnson called Sedgewick, as instructed.  Sedgewick inquired if Johnson was still under a doctor's care, and when Johnson confirmed she was, and that she was still on the same restrictions she had been on, Sedgewick told Johnson they would be providing a form authorizing her doctor to release her medical information, and to request an accommodation.

29. Johnson provided Sedgewick with her doctor's name, address, and telephone number, and Sedgewick told Johnson it would be sending the form to her doctor directly.

30. This was consistent with the procedure Johnson had followed for every leave of absence she was required to seek.

31. Later the same day, Johnson called Ritchie to discuss the situation.

32. Around the first week of April 2019, Johnson received a call from Sedgewick informing her that Sedgewick did not have the information it needed from her doctor in order to put Johnson on restrictions.

33. Johnson then gave Sedgewick the names and contact information of additional

doctors.

34. Johnson heard nothing further from either Sam's Club or Sedgewick, until June 21, 2019, when she received an "exit interview" letter from Sam's Club, stating that she had voluntarily quit her job.

35. The exit interview letter was accompanied by a copy of an April 22, 2019, letter requesting additional information.

36. However, Johnson never received that letter. It was not sent certified mail, ande did not even go through the post office.

37. The reason alleged in the letter was that Johnson had failed to return from her leave of absence.

## V.  LEGAL ALLEGATIONS

### A.  Federal Law Claims

### Count 1: Race Discrimination - Title VII

38. Johnson incorporates the factual allegations in each preceding paragraph of her Complaint as though separately set forth herein.

39. Johnson is African American, while Fields and Ritchie are Caucasian.

40. Sam's Club subjected Johnson to terms and conditions of employment that were different and more harsh than those enjoyed by similarly situated Caucasian employees, and ultimately terminated her employment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended.

41. Sam's Club's actions were intentional, willful, and/or taken with reckless disregard for Johnson's rights as protected by Title VII.

42. Johnson suffered and continues to suffer harm as a result of Hollywood's unlawful

acts.

### Count 2: Disability Discrimination - ADA

43. Johnson incorporates the factual allegations in each preceding paragraph of her Complaint as though separately set forth herein.

44. Johnson's knee and back injuries are disabilities as that term is defined by the Americans With Disabilities Act.

45. refused to provide a reasonable accommodation for her disability, and/or refused to engage in an interactive process to identify a reasonable accommodation.

46. Sam's Club unlawfully discriminated against Johnson because of her disability, and/or because it regarded her as having a disability, and/or because she requested reasonable accommodations for her disability by subjecting her to terms and conditions of employment that are less favorable than those enjoyed by similarly situated employees who do not have disabilities, whom it does not regard as having disabilities and/or who have not requested reasonable accommodation for a disability.

47. Sam's Club's actions violate the ADA, 42 U.S.C. §12101 *et. seq*., as amended.

48. Sam's Club's unlawful actions were willful, intentional, and done with reckless disregard for 's federally protected civil rights.

49. Johnson has and continues to suffer harm as a result of 's unlawful actions.

### Count 3: Failure to Accommodate - ADA

50. Johnson incorporates the factual allegations in each preceding paragraph of her Complaint as though separately set forth herein.

51. Johnson's knee and back injuries are disabilities as that term is defined by the Americans With Disabilities Act.

52.    Sam's Club refused to provide a reasonable accommodation for her disability, and/or refused to engage in an interactive process to identify a reasonable accommodation.

53.    Sam's Club's actions violate the ADA, 42 U.S.C. §12101 *et. seq.*, as amended.

54.    Sam's Club's unlawful actions were willful, intentional, and done with reckless disregard for 's federally protected civil rights.

55.    Johnson has and continues to suffer harm as a result of 's unlawful actions.

### Count 4: Retaliation - Title VII

56.    Johnson incorporates the factual allegations in each preceding paragraph of her Complaint as though separately set forth herein.

57.    Johnson engaged in protected activity when she complained to Sam's Club management about what she reasonably believed to be actions in violation of Title VII.

58.    Sam's Club intentionally interfered with Johnson's employment in retaliation for Johnson's protected activity.

59.    Sam's Club's unlawful actions were willful, intentional, and done with reckless disregard for 's federally protected civil rights.

60.    Johnson has and continues to suffer harm as a result of 's unlawful actions.

### Count 5: Retaliation in Violation of the ADA

61.    Johnson incorporates the factual allegations in each preceding paragraph of her Complaint as though separately set forth herein.

62.    Johnson engaged in protected activity when she complained to Sam's Club management about what she reasonably believed to be actions in violation of the ADA.

63.    Sam's Club intentionally interfered with Johnson's employment in retaliation for Johnson's protected activity.

64. Sam's Club's unlawful actions were willful, intentional, and done with reckless disregard for 's federally protected civil rights.

65. Johnson has and continues to suffer harm as a result of 's unlawful actions.

### B. State Common Law Claim

### Count 6: Wrongful Termination

66. Johnson incorporates the factual allegations in each preceding paragraph of her Complaint as though separately set forth herein.

67. Sam's Club has subjected Johnson to unlawful retaliation, and constructively terminated her employment because she exercised her statutory right to pursue a workers' compensation claim in violation of the common law of the State of Indiana.

68. Johnson has suffered harm as a result of Defendant's actions.

### VI. RELIEF

**WHEREFORE,** Plaintiff LaShawn Johnson respectfully prays that the Court find in her favor and providing the following relief:

69. That Sam's Club be ordered immediately to reinstate Johnson to the position she would have held absent Sam's Club's unlawful discrimination, or to pay front pay in lieu thereof;

70. That Sam's Club be ordered to pay Johnson's lost wages and benefits incurred as a result of its violation of her civil rights;

71. That Sam's Club be ordered to pay Johnson appropriate liquidated, compensatory and punitive damages for its violations of Title VII, the ADA, and Indiana Common Law;

72. That Sam's Club be ordered to pay pre- and post-judgment interest on all sums recoverable;

73. That Sam's Club be ordered to pay Johnson's reasonable attorney fees and costs;

74. That Sam's Club be ordered to cease and desist all future discriminatory actions toward ; and,

75. That Sam's Club be ordered to provide Johnson all other relief that is just and proper.

### VII. DEMAND FOR TRIAL BY JURY

The Plaintiff, LaShawn Johnson, by counsel, requests a trial by jury on all issues so triable.

Respectfully submitted,

*s/ Jay Meisenhelder*
Jay Meisenhelder, Atty No. 19996-49
JAY MEISENHELDER EMPLOYMENT
& CIVIL RIGHTS LEGAL SERVICES, P.C.
650 North Girls School Road, Suite D40
Indianapolis, IN 46214
Office Telephone: 317/231-5193
Direct Telephone: 317/899-9220
Facsimile Number: 317/982-5463
Email Address: jaym@ecrls.com